The action was against the defendant as a common carrier, for the non-delivery of a quantity of medicine shipped at New-York and consigned to certain persons in Albany.
For the defendant, one Wilson was called as a witness, and was asked by the counsel for the defendant "to state the circumstances under which the receipt for the property was signed." This was allowed and the plaintiffs excepted. I can perceive no objection to this ruling of the learned judge. The plaintiffs had previously proved by the carman employed to deliver the goods, that the captain of the boat refused to receive the property on seeing that it was directed to Albany, saying that his boat did not go there; and was induced to take the medicine and sign the receipt, on his informing him that there had been an understanding to that effect with Mr. Griffith, the defendant. The defendant had a right to explain these circumstances, which formed a part of the plaintiffs' evidence by his own witness; and the question to which the objection applied went no further. The evidence was also admissible to repel the inference of a conversion, upon which the plaintiffs now insist, by showing that the carriage of the goods to Troy was not an exercise of authority over them, or an user in opposition to the rights of the owners, but in subordination to them. (8 Mees. Welsby, 547.) If the defendant agreed to transport the goods to Albany, but informed the plaintiffs that his boat, in the usual course of her business, went to Troy in the first instance, this would not change or modify the contract but would be conclusive evidence to show that in taking the goods beyond the port of destination the carrier did not intend to convert them to his own use, or that of any other person.
The second, and most important question arises upon the charge as to the measure of damages. The judge instructed the jury, that as the property was not injured or deteriorated, the rate of damages was the difference between the *Page 518 
highest market value, when, or after the goods should have been delivered, and when they were actually tendered. In this part of the charge the plaintiffs acquiesced; they however requested the judge to charge, "that if there was an agreement to carry the goods to Albany, that unreasonable delay in their delivery made the defendant liable for their full failure." This was refused, and I think justly. The mere omission of the carrier to deliver property in a reasonable time, is not a conversion or equivalent to a conversion: this has been repeatedly adjudged. (6 Hill,
588 and cases; Angel on Carriers, §§ 431-433.) The owner is entitled to a full indemnity, but not necessarily to the full value of the goods where, as in this case, they have been offered to him and refused. If special circumstances exist, such as have been supposed by the counsel for the plaintiffs in his argument, they might be shown and damages given accordingly; but in a case where the market value of the property remains the same between the time of delivery demanded by the contract and the one actually made or tendered, and where the facility for the disposition of the goods, if for sale, is unchanged, it seems to me a most unreasonable rule that a carrier should be compelled to pay the full value of the property without regard to any other circumstance than an omission to perform his contract within a reasonable time.
The whole argument in support of this rule is based upon the hypothesis, that the omission was itself a conversion. This I think is not supported either by principle or authority.
The judgment should be affirmed.
Judgment accordingly. *Page 519